{¶ 13} I respectfully dissent from the majority opinion. First, I believe that Setliff properly proved the predominance element of Civ. R. 23(B). Second, I would find that the trial *Page 7 
court properly certified the class and that the class members can be properly identified from the definition of the class as stated by the trial court.
 {¶ 14} The trial court identified the class as follows:
 "All consumers who, between the time of January 1, 1999 and the present, have purchased or leased new or used vehicles for Morris Pontiac GMC Truck, Inc., or any of its affiliates, subsidiaries, franchisees and/or dealerships that it owns, manages, directs and/or controls, and which have been charged, in conjunction with such lease or purchase, a fee for `Dealer Overhead,' and/or or (sic) `Title and Reg Fee', in excess of the advertised price, sales tax, actual title fees and documentary fees up to the amount allowable under law, and any other fee permitted under Ohio law which may be charged a consumer in a motor vehicle sale or lease transaction."
 {¶ 15} Morris Pontiac argues that in fashioning this definition, the trial court failed to first make a determination of the actions which may give rise to liability. Morris Pontiac aptly states that "[p]redominance asks if liability can be determined on a `simultaneous, class-wide basis.' Cope v. Metro Life Ins. Co.[(1998)],82 Ohio St.3d 426, 429. Liability must be discernable `for all members of the class in a single adjudication.' Schmidt, supra, 15 Ohio St.3d at 313." Morris Pontiac then appears to argue that in order to find predominance, the trial court was required to conduct an analysis and explain which representations Morris Pontiac made to each consumer with regard to pricing in violation of OAC 109:4-3-16(B)(21). I find this argument to be without merit as it would require the trial court to conduct a merit analysis of the case at hand. It is clear that "[c]lass action certification does not go to the merits of the action." (Emphasis omitted.) Ojalvo v. Bd. of Trustees (1984), 12 Ohio St.3d 230, 233. As the question before the trial court was merely whether class certification was appropriate, it would be improper for the trial court to attempt to make any merit findings at this stage in the proceedings. Id. *Page 8 
 {¶ 16} As I read the trial court's opinion and definition of the class, I find that it has properly concluded that liability can be determined on a class-wide basis. In this case, the question before the trial court is "whether [Morris Pontiac] is liable to repay the amounts which it allegedly took from each class member for "Dealer Overhead" and other charges claimed to be in excess of the amounts allowable pursuant to O.A.C. 109:4-3-16(B)(21)." The trial court noted that the evidence in this case indicated that these forms were preprinted on a form "Buyer's Order." Therefore, I would find that the question of whether Morris Pontiac was overcharging class members can be determined on a class-wide basis and that liability is discernable for all members of the class in a single adjudication.
 {¶ 17} This leads to the next step in the analysis, in which I would find that the trial court properly identified the class. Morris Pontiac contends that the definition of the class is ambiguous. Specifically, Morris Pontiac argues that the term "advertised price" is misleading.
 {¶ 18} Pursuant to O.A.C. 109:4-3-16(B)(21), it is a deceptive and unfair act or practice to:
 "Advertise any price for a motor vehicle unless such price includes all costs to the consumer except tax, title and registration fees, and a documentary service charge, provided such charge does not exceed the maximum documentary service charge permitted to be charged pursuant to section 1317.07 of the Revised Code. Additionally, a dealer may advertise a price which includes a deduction for a discount or rebate which all consumers qualify for, provided that such advertisement clearly discloses the deduction of such discount or rebate."
 {¶ 19} According to the trial court's class description, the class is not factually dependant upon the "advertised price" of each vehicle. Rather, it is necessary to show that the class member was charged a "Dealer Overhead," or a "Title and Reg Fee" that was in excess of the advertised price, i.e. in violation of R.C. 1317.07. See O.A.C. 109:4-3-16(B)(21). I do not find that the trial court's description of the class is ambiguous. I find that the trial court conducted a *Page 9 
vigorous examination of the predominance element. Accordingly, I would affirm the trial court's decision. *Page 1